**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| **THERESA SAIA,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**BOSTON CHILDREN'S HOSPITAL,**<br><br>       **Defendants.** | **Civil Action No.** <u>1:26-cv-11474</u> |

      TO:    The Honorable Judges of the
               United States District Court
               District of Massachusetts
               Boston Division

## <u>NOTICE OF REMOVAL</u>

Petitioner Boston Children's Hospital ("Defendant"), Defendant in the above-entitled action, state:

1.      Defendant consents and desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court for Suffolk County, Massachusetts, in which said case is now pending under the name and style, *Theresa Saia v. Boston Children's Hospital*, Civil Docket No. 2684CV00611. Plaintiff commenced the instant action by filing a Complaint and Jury Demand ("Complaint") and Civil Action Cover Sheet on February 27, 2026. A copy of these documents is attached hereto as <u>Exhibit A</u>.

2.      On February 27, 2026, Plaintiff emailed Defendant's counsel a copy of the Complaint and Jury Demand (the "Complaint") and the Civil Action Cover Sheet. Defendant received a copy of the Complaint on February 27, 2026. A copy of the Complaint and the Civil Action Cover Sheet are attached hereto as <u>Exhibit A</u>.

3.      On March 23, 2026, undersigned counsel accepted service of the Complaint via email on behalf of Defendant. Included in the service was a copy of the Complaint and the Civil Action Cover Sheet.

4.      Exhibit A described herein contains the only documents that have been filed in the State Court Action as of the filing of this Notice of Removal.

5.      In her Complaint, Plaintiff alleges that Defendant discriminated against her on the basis of her age and retaliated against her, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").

6.      Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court which the district courts of the United States have original jurisdiction may be removed by the Defendant to the district court of the place where such action is pending.

7.      A resolution of this action in whole or in part requires an application of the ADEA, a federal law prohibiting discrimination and retaliation by employers on the basis of an employee's age, as alleged by Plaintiff.

8.      Accordingly, this Court has jurisdiction based on Federal Question Jurisdiction pursuant to the provisions of 28 U.S.C. § 1331.

9.      Further, this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this District under 28 U.S.C. § 1446(a) because this District and Division embraces Suffolk County, Massachusetts, where this action is currently pending in the Commonwealth of Massachusetts Superior Court.

11.     Defendant was first provided a copy of the Complaint on February 27, 2026, and is filing this notice within thirty (30) days of that date, as required by 28 U.S.C. § 1446(b)(1).

12.     Defendant will promptly file a Notice of Filing of Removal of Action to Federal Court (attached hereto as Exhibit B) and a copy of this Notice of Removal with the Clerk of the Superior Court, Suffolk County, Commonwealth of Massachusetts, where this action has been pending, pursuant to 28 U.S.C. § 1446(d).

13.     Defendant will serve written Notice to Plaintiff's Counsel of Filing of Removal of Action to Federal Court (attached hereto as Exhibit C) and copies of this Notice of Removal on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

14.     Pursuant to Local Rule 81.1(a), Defendant will obtain certified or attested copies of the docket sheet and all pleadings in the state court action and will file them in this Court within twenty-eight (28) days.

15.     For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

16.     By filing this Notice of Removal, Defendant is not making a general appearance and is not waiving any defenses and/or grounds for dismissal that may be available to it pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rules, including, but not limited to, those related to service, service of process, sufficiency of process, venue, or jurisdiction.  Defendant specifically reserves the right to assert any defenses and/or objections to which they may be entitled.

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court for Suffolk County, Massachusetts be removed therefrom to this Court.

Respectfully submitted,

Boston Children's Hospital,

By its Attorneys,

*/s/ Gregory A. Manousos*
Gregory A. Manousos (BBO #631455)
gmanousos@morganbrown.com
Lindsey K. Kumpula (BBO #715358)
lkumpula@morganbrown.com
MORGAN, BROWN & JOY, LLP
28 State Street, 16th floor
Boston, MA  02109
T: (617) 523-6666
F: (617) 367-3125

Dated: March 27, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff via e-mail on March 27, 2026 at:

Daniel J. Murphy
The Murphy Law Group, LLC
565 Turnpike St Suite 72A
North Andover, MA  01845
dm@mlgllc.com

*/s/ Gregory A. Manousos*
Gregory A. Manousos

4