UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THERESA SAIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11474-IT |
| | * | |
| BOSTON CHILDREN'S HOSPITAL, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

October 14, 2026

TALWANI, D.J.

In this action, Plaintiff Theresa Saia ("Saia") asserts claims against Defendant Boston Children's Hospital ("BCH") for age discrimination, retaliation, and breach of implied covenant of good faith and fair dealing. Compl. ¶¶ 58–72 [Doc. No. 1-1]. As a basis for these claims, Saia alleges, *inter alia*, that BCH denied her conversion into a newly created job code because of her age, id. ¶¶ 14–36, and then subjected her to "several instances of retaliation at the workplace" after she filed a complaint with the Equal Employment Opportunity Commission, id. ¶ 55.

In its pending Partial Motion to Dismiss [Doc. No. 11], BCH seeks dismissal under Fed. R. Civ. P. 12(b)(6) of Count IV, Saia's claim for breach of the implied covenant of good faith and fair dealing. Partial Mot. to Dismiss 1 [Doc. No. 11]. Upon review of the briefings, the court finds that Count IV fails to state a claim upon which relief may be granted, and the Partial Motion to Dismiss [Doc. No. 11] is GRANTED.

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain

sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although "[e]very contract in Massachusetts is subject, to some extent, to an implied covenant of good faith and fair dealing," this "implied covenant may not be invoked to create rights and duties not otherwise provided for in the existing contractual relationship." Ayash v. Dana-Farber Cancer Institute, 443 Mass. 367, 385, 822 N.E.2d 667, 683–84 (2005) (citation modified). If a duty "does not already exist in the contract," the implied covenant "cannot create [it]." Dexter v. Dealogic, LLC, 390 F. Supp. 3d 233, 244 (D. Mass. 2019). Because this covenant is implied so that a party can "receive the fruits of the contract," Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 189, 48 N.E.3d 442, 450 (2016) (citation modified), Massachusetts courts have only found breaches of an implied covenant of good faith and fair dealing in limited cases, such as where there is a violation of public policy for which there is not already a remedial scheme, see Curran v. NSTAR Elec. Co., 833 F. Supp. 3d 15, 22 (D. Mass. 2026), and where "employers would unjustly benefit financially by depriving the employees of future compensation earned for past services," Bergeson v. Franchi, 783 F. Supp. 713, 717 (D. Mass. 1992); see also Fortune v. Nat'l Cash Reg. Co., 373 Mass. 96, 105, 364 N.E.2d 1251, 1257 (1977).

Saia fails to state a plausible claim for breach of implied covenant of good faith and fair dealing. She alleges unfair and discriminatory treatment but does not allege that her employment agreement creates any duty for BCH to grant her a new job code or that BCH's actions have deprived her of the fruits of past service. See Compl. ¶ 71 [Doc. No. 1-1]; Ayash, 443 Mass. at

385–86, 822 N.E.2d at 684 ("There is no general duty…to act 'nicely.' Accordingly, to the extent that the plaintiff's claim rests on allegations that [her employer] dealt with her in a manner that was unfair…the plaintiff did not present a claim on which she could recover"). Nor does she identify a violation of public policy that is not remedied by a statutory scheme. See Compl. ¶¶ 58–68 [Doc. No. 1-1] (seeking relief for discriminatory acts under federal and state law).

Defendant's Partial Motion to Dismiss [Doc. No. 11] is thus GRANTED, and Count IV of the Complaint [Doc. No. 1-1] is DISMISSED with prejudice.

IT IS SO ORDERED.

October 14, 2026

/s/ Indira Talwani
United States District Judge